J-S29044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN D. SUTTON | : | |
| | : | |
| Appellant | : | No. 471 WDA 2024 |

Appeal from the PCRA Order Entered April 9, 2024
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000391-2002

BEFORE: DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:         **FILED: OCTOBER 3, 2024**

Appellant, John D. Sutton, appeals *pro se* from the post-conviction court's order denying, as untimely, his seventh petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts of Appellant's underlying convictions are not germane to our disposition of his instant appeal. We only note that, on May 15, 2003, a jury convicted Appellant of third-degree murder for the killing of his wife. On June 26, 2003, the trial court sentenced Appellant to a term of 18 to 40 years' imprisonment. This Court affirmed Appellant's judgment of sentence on November 3, 2004, and he did not file a petition for allowance of appeal with our Supreme Court. *See Commonwealth v. Sutton*, 867 A.2d 650 (Pa. Super. 2004) (unpublished memorandum).

Over the ensuing 20 years, Appellant filed numerous *pro se* documents, of which many were deemed to be PCRA petitions and denied without relief.

Pertinent to the instant petition, in April of 2016, Appellant filed a *pro se* document titled, "Petitio L'Breve d' Habeas Corpus Ad Subjiciendum," which the court considered to be his fifth PCRA petition (hereinafter "Fifth Petition"). **See** PCRA Court Memorandum and Order, 3/1/24, at 1. After filing his Fifth Petition, Appellant then filed numerous other, *pro se* documents (including additional PCRA petitions), and his Fifth Petition was never ruled on by the PCRA court. **See id.** at 1-2.

On February 15, 2024, Appellant re-filed another petition titled, "Petitio L'Breve d' Habeas Corpus Ad Subjiciendum,"[1] which underlies the instant appeal. As the PCRA court points out, this filing was "identical" to Appellant's Fifth Petition, "except for the substituted date ('2-12-24')," and other minor differences. **Id.** at 1 n.1. On March 1, 2024, the PCRA court issued a Memorandum and Order notifying Appellant, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his petition without a hearing on the basis that it was untimely filed. The court explained that it was treating Appellant's "Petitio L'Breve d' Habeas Corpus Ad Subjiciendum" as his seventh PCRA petition, reasoning that "[t]he relief that [Appellant] requests, in his proposed Order, is 'Dismissal/Discharge For Want Of Jurisdiction,' and lack of jurisdiction in the tribunal where he was convicted is expressly PCRA-cognizable." **Id.** at 3

---

[1] We note that this filing was attached to a *pro se* petition for "Leave to Proceed in *Forma Pauperis*," and is labeled as such in the certified record's index. **See** Index No. 142.

- 2 -

(citing 42 Pa.C.S. § 9543(a)(2)(viii)); *see also Commonwealth v. Hagan*, 306 A.3d 414, 421-22 (Pa. Super. 2023) ("It is well-established that the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA.") (cleaned up). The PCRA court then explained that Appellant's petition was untimely and met no exception to the PCRA's one-year time-bar, as further discussed *infra*. **Id.** at 4. Accordingly, the court notified Appellant that it intended to dismiss his petition without a hearing, and that he had 20 days within which to file a response. **Id.** at 5.

Appellant filed a *pro se* response, but he did not address the timeliness of his petition. Consequently, on April 9, 2024, the court issued an order dismissing his petition. Appellant filed a timely, *pro se* notice of appeal, and he timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion.

Herein, Appellant states eight issues for our review. **See** Appellant's Brief at 3-4.[2] Before we can evaluate the merits of any of Appellant's eight

---

[2] We note that the Argument section of Appellant's brief is not divided into eight different parts with distinct headings, as required by Pa.R.A.P. 2119(a)
*(Footnote Continued Next Page)*

issues, we must begin by addressing the timeliness of his petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Instead, Appellant's argument consists of 37 numbered paragraphs, many of which have several sub-parts. Appellant's Brief at 6-22. Nevertheless, we can discern Appellant's claims and, thus, we will overlook his briefing errors.

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2004. Thus, his present petition filed 20 years later is facially untimely, and for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). Appellant fails to do so. At no point in his brief to this Court does Appellant explain what timeliness exception he meets. Moreover, the vast majority of his claims allege trial court errors, prosecutorial misconduct, and that the evidence used to convict him was inadequate and/or fabricated. Not only do these claims fail to meet any timeliness exception, as they were known to Appellant at the time of his trial, but they would also be waived based on his failure to raise them at trial, on direct appeal, or in one of his many, prior PCRA proceedings. *See* 42 Pa.C.S. § 9543(a)(3) (stating that, to be eligible for PCRA relief, the petitioner must prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (declaring that "an issue is waived if the petitioner could have raised

it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

We recognize that Appellant briefly claims that after trial, he discovered that two Pennsylvania State Troopers allegedly fabricated certain facts to the media. Appellant's Brief at 19. Appellant not only fails to explain how this discovery meets any timeliness exception, but he also admits that he found out these facts in "late 2005 when [his] brother sent him some newspaper clippings[.]" *Id.* Accordingly, he cannot prove that he raised this claim within one year of discovering it, as required by section 9545(b)(2).

Consequently, we discern no abuse of discretion in the PCRA court's determination that Appellant's serial petition is untimely and that he failed to plead and prove the applicability of any timeliness exception.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/03/2024

- 6 -